IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| ROBERT A. JOSHUA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 2:18-cv-02344-TLP-tmp |
| v. | ) | |
| | ) | |
| MYRON L. BATTS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER MODIFYING DOCKET, DENYING PETITION UNDER 28 U.S.C. § 2241, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Robert A. Joshua[1] filed a pro se Petition under 28 U.S.C. § 2241. (ECF No. 1.) Then Joshua paid the case filing fee. (ECF No. 3.) The Court orders that the Clerk will now record the Respondent as FCI Memphis Warden Angela Owens.[2] Because Joshua has not shown factual innocence, the § 2241 Petition is DENIED.

### BACKGROUND

**I.  Joshua's Federal Criminal Case**

Joshua pleaded guilty in the United States District Court for the Eastern District of Wisconsin on one count of bank robbery by force or violence, in violation of 18 U.S.C. §§ 2113(a) and (d); two counts of interference with commerce by threat of violence, in violation of

---

[1] Petitioner, Bureau of Prisons register number 15623-089, is an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis").

[2] The proper respondent to a habeas petition is the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–435 (2004). Joshua's custodian is FCI Memphis Warden Angela Owens. The Clerk must terminate all references to Myron Batts as the respondent.

18 U.S.C. § 1951(a); and one count of unlawfully and knowingly using, carrying, and brandishing of a firearm during and in relation to a crime of violence, namely bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Cr. No. 16-00027, ECF Nos. 16 & 29). The court sentenced Joshua to a total term of imprisonment of one hundred sixty-four months and then five years of supervised release. (*Id.*, *see* ECF No. 29.) The court entered Judgment in September 2016. (*Id.*)

## II.  Joshua's § 2241 Petition

As grounds for relief, Joshua asserts:

1. 18 U.S.C. § 924(c) is unconstitutional;

2. 18 U.S.C. § 2113(a) is not a violent crime because of *Sessions v. Dimaya*, 138 S. Ct. 1204, 1213–23 (2018); and

3. Actual factual innocence.

(ECF No. 1 at PageID 4–5 & 10–17.) Joshua asserts that he may challenge his criminal sentence under the savings clause of 28 U.S.C. § 2255(e) by claiming actual innocence and he cites *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016), to support this argument. (*Id.*)

Joshua also argues that he is actually innocent of having committed a violent crime of bank robbery based on *Dimaya*, because 18 U.S.C. § 924(c) is vague and unconstitutional, and bank robbery cannot be categorically interpreted as a violent crime. (*Id.* at PageID 10, 13.) Joshua asserts that § 924(c) does not apply to violations of 18 U.S.C. § 2113(a) because the statute is broader than the generic definition of robbery. (*Id.* at PageID 14.) He contends that his sentence now exceeds the otherwise applicable statutory guidelines maximum sentence. (*Id.* at PageID 10.)

The Court now addresses the merits of Joshua's § 2241 Petition.

2

## ANALYSIS

Federal prisoners may challenge their sentences under either 28 U.S.C. § 2241 or 28 U.S.C. § 2255. Which statute is the appropriate one to proceed under turns on the reason the prisoner is challenging his sentence. "Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). The "savings clause" in § 2255(e) authorizes federal prisoners to seek relief under 28 U.S.C. § 2241 where "the remedy by motion is inadequate or ineffective to test the legality of his detention." *Id*. "The circumstances in which § 2255 is inadequate and ineffective are narrow . . . ." *Id*. "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (citations omitted). The Sixth Circuit has reserved relief under § 2241 to cases in which a prisoner is innocent. *See Peterman*, 249 F.3d at 461–62. Until recently, "[c]laims alleging 'actual innocence' of a sentencing enhancement [could not] be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012).

In *Hill*, the Sixth Circuit held that inmates can challenge their sentences under § 2241 if they can show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice." 836 F.3d at 595. The third requirement is satisfied by:

> (1) prisoners who are sentenced under the mandatory guidelines regime pre-
> *United States v. Booker*, 543 U.S. 220 (2005), (2) who are foreclosed from filing a

3

successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Hill*, 836 F.3d at 599–600 (parallel citations omitted).

## I. Constitutionality of 18 U.S.C. § 924(c)

Joshua first argues that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. (ECF No. 1-1 at PageID 16.) He cites the Supreme Court's holding in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1213–23 (2018), as grounds for his argument. Yet, in *Dimaya*, the Court determined that the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague. *See* 138 S. Ct. at 1213–23. Section 16(b) is not at issue here. As a result, Joshua's argument that *Dimaya* applies is incorrect.

## II. Applicability of 18 U.S.C. § 924(c) to Violations of 18 U.S.C. § 2113(a)

Next, Joshua asserts that a violation of 18 U.S.C. § 2113(a) does not constitute a crime of violence under 18 U.S.C. § 924(c). (ECF No. 1-1 at PageID 14.) The Sixth Circuit in *Johnson v. United States*, recently addressed whether a violation of 18 U.S.C. § 2113(a) constitutes a crime of violence:

> This Court has already determined that § 2113(a), the underlying statute of conviction in this case, is divisible and that a violation involving force and violence or intimidation constitutes a "crime of violence" under § 924(c)'s force clause—not its residual clause—under the modified categorical approach. *See United States v. Henry*, 722 F. App'x 496, 500 (6th Cir.); *see also United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (holding that a "[c]onviction for bank robbery under § 2113(a) requires proving that a defendant 'by force and violence, or by intimidation, takes, or attempts to take ... any property ... belonging to, or in the care, custody, control, management, or possession of, any bank' "). In this case, Johnson failed to make a substantial showing that his convictions for the armed bank robberies of First Bank and American Savings, each of which involved brandishing a firearm, were not "based on elements of the bank robbery statute that clearly criminalize the use of force." *See McBride*, 826 F.3d at 295. Therefore, each of those convictions qualify as a crime of violence under § 924(c)'s force clause.

*Johnson v. United States*, No. 18-6080, 2019 WL 193916, at *2 (6th Cir. Jan. 4, 2019); *see Richardson v. United States*, No. 17-13927, 2019 WL 495130, at *1 (11th Cir. Feb. 8, 2019) (per curiam) ("Richardson's predicate offense of bank robbery is categorically a crime of violence under the elements clause of section 924(c)"). Joshua's argument that a violation of § 2113(a) does not constitute a crime of violence must therefore fail.

### III. Actual Innocence

To obtain relief under 28 U.S.C. § 2241, a petitioner must prove actual innocence. *See Peterman*, 249 F.3d at 461–62. Joshua's assertion that he is innocent is based on his arguments discussed above. Those arguments have been denied. Joshua therefore has not shown that he is innocent of a crime of violence and is not entitled to relief under § 2241.

The § 2241 Petition is DENIED.

### **APPELLATE ISSUES**

Federal prisoners who file petitions under 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. U.S. Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *Kincade*

5

*v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first move in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). But Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

The Court determines that any appeal would not be taken in good faith for the same reasons that the § 2241 Petition is denied. This Court therefore CERTIFIES that any appeal would not be taken in good faith. Leave to appeal in forma pauperis is DENIED. If Petitioner wishes to appeal, he is now on notice that he must pay the $505 appellate filing fee in full or move to proceed in forma pauperis on appeal with the Sixth Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(5).

## **CONCLUSION**

For these reasons, the Court DENIES Joshua's § 2241 Petition. The Court also CERTIFIES that any appeal would not be taken in good faith. Joshua is, therefore, DENIED leave to proceed in forma pauperis on appeal.

**SO ORDERED**, this 16th day of April, 2019.

                                              s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE